UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIOLET MURRAY,

        Plaintiff,                              Hon. Richard Alan Enslen

v.                                               Case No. 1:04-CV-514

UNITED STATES POSTAL SERVICE,

        Defendant.
_____/

## ORDER

        This matter is before the Court on Plaintiff's Motion to Compel. (Dkt. #32). As discussed below, Plaintiff's motion is **granted in part and denied in part**.

## BACKGROUND

        Plaintiff filed this motion on May 9, 2005, seeking to compel responses to the following discovery requests: (a) interrogatory #6; (b) interrogatory #9; (c) request to produce #3; and (d) request to produce #8. (Dkt. #32). In response to Plaintiff's motion, Defendant supplemented its responses to the two interrogatories, but reiterated its objections to Plaintiff's two requests for production. (Dkt. #37).

        Following a May 31, 2005 hearing, the Court entered an Order granting in part, denying in part, and taking under advisement Plaintiff's motion to compel. (Dkt. #45). Specifically, the Court: (1) denied without prejudice Plaintiff's motion to compel further response to interrogatory #9; (2) granted, subject to a protective order, Plaintiff's motion to compel further response to request to produce #3; (3) ordered Defendant to certify its supplemental response to interrogatory #6; and (4) took under

advisement Plaintiff's request to compel further response to request to produce #8. *Id.* The parties have submitted supplemental pleadings regarding Plaintiff's motion to compel further response to request to produce #8 and the Court will address this last aspect of Plaintiff's motion.

Request to produce #8 seeks the production of "all training materials and instructions on administering the [Family Medical Leave Act] FMLA that Theresa Smith received whether from the U.S. Postal Service or an outside entity while she served as FMLA coordinator." (Dkt. #32). Defendant objects to this request on the ground that it seeks the production of material protected by the attorney work-product doctrine as well as the attorney-client privilege. (Dkt. #48). Finding Defendant's objections unpersuasive, the Court denies Defendant's objections and orders the production of the requested material, subject to the terms of the protective order into which the parties have entered.

## ANALYSIS

Generally speaking, work product consists of "the files and the mental impressions of an attorney. . .reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways[,] prepared in anticipation of litigation." *United States v. One Tract of Real Property Together with all Buildings, Improvements, Appurtenances, and Fixtures*, 95 F.3d 422, 427 (6th Cir. 1996).

While the work product doctrine is often referred to as a "privilege," such is a misnomer, as it is actually a "qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *In re Perrigo Co.*, 128 F.3d 430, 437 (6th Cir. 1997). The protection afforded attorney work product is articulated by Federal Rule of Civil Procedure 26(b)(3) which provides in relevant part as follows:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party. . .only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means.

Thus, the inquiry is twofold. It must first be determined whether the material in question is properly considered attorney work product. If such is the case, it must further be determined whether the party seeking the discovery is nonetheless entitled to the material on the grounds of substantial need and undue hardship.

For material to enjoy protection as work product, litigation "need not be imminent" so long as "the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *In re Lernout & Hauspie Securities Litigation*, 222 F.R.D. 29, 36 (D. Mass. 2004); *see also*, *Hager v. Bluefield Regional Medical Center, Inc.*, 170 F.R.D. 70, 76 (D.D.C. 1997) (same). However, the mere "remote possibility" of future litigation is insufficient. *Harris v. Provident Life & Accident Ins. Co.*, 198 F.R.D. 26, 30 (N.D.N.Y. 2000); *see also*, *Occidental Chemical Corp. v. OHM Remediation Services Corp.*, 175 F.R.D. 431, 434 (W.D.N.Y. 1997); *In re Gabapentin Patent Litigation*, 214 F.R.D. 178, 183 (D.N.J. 2003) (a party must show more than a "remote prospect" or a "likely chance" of litigation). Instead, litigation "must at least be a real possibility at the time of preparation or, in other words, the document must be prepared with an eye to some *specific* litigation." *Occidental Chemical Corp.*, 175 at 434 (emphasis added); *In re Gabapentin*, 214 F.R.D. at 183 (a party must show that there existed "an identifiable *specific claim* of impending litigation when the materials were prepared").

Defendant asserts that the material in question is entitled to work product protection because it was drafted by counsel in an attempt to assist the Postal Service "avoid litigation." The Court does not doubt this assertion. Considering the litigious society in which we live, almost every document a business or entity creates can fairly be said to have been created in an attempt to *avoid* litigation. As noted above, however, the standard is not whether the material was created to *avoid* litigation, but rather whether it was created to *assist* in the prosecution or defense of *specific* litigation.

There is no evidence that when this material was created Defendant anticipated the *specific* claims asserted by Plaintiff in this matter. Instead, the Court finds that the material in question was simply created in the normal course of business and as such enjoys no work product protection. *See McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242, 259 (N.D. Ill. 2000) ("materials developed in the ordinary course of business do not rise to the status of work product unless some articulable claim. . .pertain[ing] to this particular opposing party, not the world in general. . .has arisen that is likely to lead to litigation"); *Hardy v. New York News Inc.*, 114 F.R.D. 633, 646 (S.D.N.Y. 1987) (same).

As for whether Defendant may invoke the attorney-client privilege to prevent the disclosure of the material in question, the Court is similarly unpersuaded. The attorney-client privilege is narrowly interpreted, especially when a governmental entity seeks to invoke its protections. *See Reed v. Baxter*, 134 F.3d 351, 356 (6th Cir. 1998) (because "it is appropriate to recognize only to the very limited extent that. . .excluding relevant evidence has a public good transcending the normally predominant principal of utilizing all rational means for ascertaining truth. . .courts and commentators have cautioned against broadly applying the privilege to governmental entities").

As discussed above, the material in question was created in the ordinary course of business and was not created in anticipation of any particular litigation or dispute. Thus, despite the fact

that the material in question was drafted by an attorney, the nature of the communication is more accurately characterized as *business* rather than *legal* advice. In other words, the material was created so as to assist Defendant achieve its *business* goal of *avoiding* litigation, rather than assisting in the prosecution or defense of any particular claim or dispute. Courts recognize a distinction between the provision of business as opposed to legal advice, affording the protections of the attorney-client privilege to the latter but not the former. *See Women's Interart Center, Inc. v. N.Y.C. Economic Dev.*, 223 F.R.D. 156, 159-60 ("the privilege applies only to communications for legal, not business, advice"); *In Fine v. Facet Aerospace Products Co.*, 133 F.R.D. 439, 443-44 (S.D.N.Y. 1990); *In re Grand Jury Subpoena*, 731 F.2d 1032, 1036-37 (2d Cir. 1984) ("the privilege is triggered only by a client's request for legal, as contrasted with business, advice").

For the reasons discussed above, the Court rejects Defendant's arguments against disclosure of the material in question. Accordingly, Defendant shall, within 30 days of the date of this Order, produce "all training materials and instructions on administering the [Family Medical Leave Act] FMLA that Theresa Smith received whether from the U.S. Postal Service or an outside entity while she served as FMLA coordinator." However, this material shall be subject to all of the terms of the protective order into which the parties have entered. (Dkt. #52).

## CONCLUSION

As articulated herein, Plaintiff's <u>Motion to Compel</u>, (dkt. #32), is **granted in part and denied in part**. Specifically, Plaintiff's motion to compel further response to interrogatory #9 is denied without prejudice; Plaintiff's motion to compel further response to request to produce #3 is granted, subject to the terms of the protective order into which the parties have entered; Defendant is ordered to

certify its supplemental response to interrogatory #6; and Plaintiff's motion to compel production of "all training materials and instructions on administering the [Family Medical Leave Act] FMLA that Theresa Smith received whether from the U.S. Postal Service or an outside entity while she served as FMLA coordinator" is granted, subject to the terms of the protective order into which the parties have entered.

        IT IS SO ORDERED.


Date:  August 16, 2005                                     /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge